# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NARVIS NONNETTE,<br><br>  Plaintiff,<br><br>  v.<br><br>GAVIN NEWSOM et al.,<br><br>  Defendants. | Case No. 5:20-cv-0218-CJC (MAA)<br><br>**ORDER OF DISMISSAL** |

## I.  SUMMARY OF PROCEEDINGS

On June 15, 2020, plaintiffs Narvis Nonnette, William Roberts, and Richard Cooper filed a *pro se* putative class action lawsuit alleging violations of their civil rights pursuant to 42 U.S.C. § 1983. (Compl., ECF No. 1.) On June 19, 2020, the Court advised plaintiffs that a putative class action lawsuit could not be brought *pro se*, that multiple inmate *pro se* plaintiffs could not bring a single lawsuit in this Court, and that each plaintiff is required to pay the full filing fee or submit an application to proceed *in forma pauperis*. (ECF No. 4.) The Court ordered each plaintiff to advise whether he wanted to proceed with the lawsuit, dismiss his claims, or sever his claims into a separate prisoner civil rights action. (*Id.*) Roberts filed a request to sever his claims (ECF No. 13), which the Court granted on August

1  31, 2020 (ECF No. 14). Cooper never responded to the Court's order, and on
2  October 16, 2020, the District Court dismissed him without prejudice for failure to
3  prosecute and failure to comply with a court order. (ECF No. 21.) Thus, only
4  Narvis Nonnette ("Plaintiff") remains as a plaintiff in this lawsuit.
5       On September 15, 2020, Plaintiff filed a Request to Proceed Without
6  Prepayment of Filing Fees (ECF No. 16), which the Court granted on September
7  18, 2020 (ECF No. 17).
8       Pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A, on October
9  22, 2020, the Court screened and dismissed the Complaint with leave to amend.
10 (ECF No. 22.) On February 3, 2021, the Court received Plaintiff's First Amended
11 Complaint. (ECF No. 29.) On February 19, 2021, the Court received a second
12 document entitled "First Amended Complaint," which differed from the First
13 Amended Complaint and therefore was docketed as Plaintiff's Second Amended
14 Complaint ("SAC"). (SAC, ECF No. 31.)
15      On April 13, 2021, the Court issued a "Memorandum Decision and Order
16 Dismissing Second Amended Complaint With Leave to Amend." (ECF No. 33.)
17 The Court dismissed the SAC and ordered Plaintiff to, no later than **May 13, 2021**,
18 either file a Third Amended Complaint ("TAC") or advise the Court that Plaintiff
19 does not intend to pursue this lawsuit. (*Id*. at 2.) The Court "**caution[ed] Plaintiff**
20 **that failure to timely file a TAC w[ould] result in a recommendation that this**
21 **action be dismissed for failure to prosecute and/or failure to comply with court**
22 **orders pursuant to Rule 41(b)**." (*Id*. at 26.)
23      On May 20, 2021, Plaintiff filed a Motion to Continue Civil Rights Action
24 for 60 Days (ECF No. 34), which the Court granted in part and denied in part,
25 extending Plaintiff's deadline to file a TAC to **June 23, 2021** (ECF No. 35). On
26 July 2, 2021, Plaintiff filed a Motion to Continue Civil Rights Action for 30 Days
27 (ECF No. 36), which the Court granted, extending Plaintiff's deadline to file a TAC
28 to **August 9, 2021** (ECF No. 37). In granting Plaintiff's second extension request,

the Court again "caution[ed] Plaintiff that failure to timely file a TAC will result in a recommendation that this action be dismissed for failure to prosecute and/or failure to comply with court orders pursuant to Rule 41(b)." (*Id.*)

On August 16, 2021, Plaintiff filed a Motion to Correct and Oppose the Court's Memorandum and Order (ECF No. 38), which the Court construed as a motion for reconsideration of its order dismissing the SAC. On August 25, 2021, the Court issued an Order denying Plaintiff's motion for reconsideration ("Order"). (Order, ECF No. 39.) The Court gave Plaintiff four options: (1) file a TAC, the deadline for which the Court sua sponte extended to **September 24, 2021**; (2) file a statement, no later than September 24, 2021, that Plaintiff wished to proceed with the SAC; (3) file a motion for review with the District Judge no later than fourteen days from the date of service of the Order (plus three days to account for service by mail); or (4) voluntarily dismiss the lawsuit. (*Id.* at 5–7.) The Court "advised that failure to respond to this order by **September 24, 2021** w[ould] result in a recommendation that the lawsuit be dismissed for failure to prosecute and/or comply with court orders. *See* C.D. Cal. L.R. 41-1." (*Id.* at 7.)

On October 25, 2021, in the absence of a filed TAC or response to the Order, the Court issued an Order to Show Cause ("OSC"), ordering Plaintiff to show cause by **November 24, 2021** why the Court should not recommend that the case be dismissed for failure to comply with Court orders. (OSC, ECF No. 41.) The OSC stated that if Plaintiff filed a response to the Order on or before that date, the OSC would be discharged. (*Id.* at 3.) The OSC "**advised that failure to comply with this order w[ould] result in a recommendation that the lawsuit be dismissed without prejudice for failure to prosecute and/or comply with court orders.** *See* **Fed. R. Civ. P. 41(b); C.D. Cal. L.R. 41-1.**" (*Id.*)

To date, Plaintiff has failed to file a TAC or respond to the Order or OSC. Indeed, Plaintiff has not communicated with the Court since September 30, 2021.

///

## II. LEGAL STANDARD

District courts may dismiss cases *sua sponte* for failure to prosecute or for failure to comply with a court order under Federal Rule of Civil Procedure 41(b). *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962) (holding that the court has "inherent power" to dismiss cases *sua sponte* for lack of prosecution). Unless the Court states otherwise, a dismissal under Rule 41(b) operates as an adjudication on the merits. Fed. R. Civ. P. 41(b). "Dismissal is a harsh penalty and is to be imposed only in extreme circumstances." *In re: Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone v. USPS*, 833 F.2d 128, 130 (9th Cir. 1987)).

"A Rule 41(b) dismissal 'must be supported by a showing of unreasonable delay.'" *Omstead v. Dell*, 594 F.3d 1081, 1084 (9th Cir. 2010) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). In addition, the court must weigh the following factors in determining whether a Rule 41(b) dismissal is warranted: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002). The Ninth Circuit will "affirm a dismissal where at least four factors support dismissal, or where at least three factors strongly support dismissal." *Dreith v. Nu Image, Inc.*, 648 F.3d 779, 788 (9th Cir. 2011) (quoting *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)). Finally, "in order to warrant a sanction of dismissal, the party's violations of the court's orders must be due to wilfulness or bad faith." *Id*.

///
///
///

### III. ANALYSIS

#### A. The Public's Interest in Expeditious Resolution and the Court's Need to Manage Its Docket

The first and second factors (the public's interest in expeditious resolution of litigation and the Court's need to manage its docket)[1] weigh in favor of dismissal. "Orderly and expeditious resolution of disputes is of great importance to the rule of law." *In re: Phenylpropanolamine*, 460 F.3d at 1227. "The public's interest in expeditious resolution of litigation always favors dismissal." *Pagtalunan*, 291 F.3d at 642 (quoting *Yourish*, 191 F.3d at 990). In addition, district courts "have an inherent power to control their dockets," *In re: Phenylpropanolamine*, 460 F.3d at 1227 (quoting *Thompson v. Hous. Auth. of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986)), and "are best suited to determine when delay in a particular case interferes with docket management and the public interest." *Yourish*, 191 F.3d at 990 (quoting *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984)).

Plaintiff has failed to file a TAC, has failed to respond to the Order or OSC, and otherwise has not participated in this lawsuit since September 30, 2021. The Court concludes that Plaintiff's inaction and lack of communication with the Court constitute willful unreasonable delay. *See, e.g., Thomas v. Maricopa Cnty. Jail*, 265 F. App'x. 606, 607 (9th Cir. 2008) (holding that district court did not abuse its discretion by dismissing *pro se* prisoner lawsuit for failure to respond to a court order for almost three months). Plaintiff's noncompliance also interferes with the public's interest in the expeditious resolution of this litigation and hinders the Court's ability to manage its docket. *See In re: Phenylpropanolamine*, 460 F.3d at 1227 ("[The Ninth Circuit] defer[s] to the district court's judgment about when a delay becomes unreasonable 'because it is in the best position to determine what

///

---

[1] The first two factors are usually reviewed together "to determine if there is an unreasonable delay." *In re Eisen*, 31 F.3d 1447, 1452 (9th Cir. 1994).

period of delay can be endured before its docket becomes unmanageable.") (quoting *In re Eisen*, 31 F.3d at 1451)). The first and second factors favor dismissal.

### B. Risk of Prejudice to Defendants

The third factor (risk of prejudice to the defendants) also weighs in favor of dismissal. "A defendant suffers prejudice if the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case." *In re: Phenylpropanolamine*, 460 F.3d at 1227 (quoting *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1412 (9th Cir. 1990)). "The law also presumes prejudice from unreasonable delay." *Id*. The risk of prejudice to a defendant is related to a plaintiff's reason for failure to prosecute an action. *Pagtalunan*, 291 F.3d at 642. "Whether prejudice is sufficient to support an order of dismissal is in part judged with reference to the strength of the plaintiff's excuse for the default." *Malone*, 833 F.2d at 131.

Plaintiff has refused to file a TAC or otherwise respond to the Order or OSC, without explanation. As "a presumption of prejudice arises from the plaintiff's unexplained failure to prosecute," the third factor favors dismissal. *See Hernandez v. City of El Monte*, 138 F.3d 393, 400 (9th Cir. 1998).

### C. Availability of Less Drastic Alternatives

The fourth factor (the availability of less drastic alternatives) also supports dismissal. "The district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson*, 779 F.2d at 1424.

The Court considered and implemented less drastic alternatives prior to dismissal. The Court explicitly warned Plaintiff that failure to file TAC or respond to the Order or OSC would result in a recommendation that the action be dismissed for failure to prosecute and/or failure to comply with Court orders pursuant to

Federal Rule of Civil Procedure 41(b). (Order, OSC.) *See In re: Phenylpropanolamine*, 460 F.3d at 1229 ("Warning that failure to obey a court order will result in dismissal can itself meet the 'consideration of alternatives' requirement."). The Court also extended Plaintiff's deadline to file a TAC four times, from May 13, 2021 to June 23, 2021; to August 9, 2021; to September 24, 2021; and finally to November 24, 2021. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992) (holding that the district court's allowance of an additional thirty days for plaintiff to file an amended complaint was an attempt at a less drastic sanction). The fourth factor weighs in favor of dismissal.

### D. Public Policy Favoring Disposition on the Merits

As to the fifth factor, "[p]ublic policy favors disposition of cases on the merits." *Pagtalunan*, 291 F.3d at 643. However, "a case that is stalled or unreasonably delayed by a party's failure to comply with deadlines . . . cannot move toward resolution on the merits." *In re: Phenylpropanolamine*, 460 F.3d at 1228. Thus, "this factor lends little support to a party whose responsibility it is to move a case towards disposition on the merits but whose conduct impedes progress in that direction." *Id.* (internal quotation marks omitted). The case has been stalled by Plaintiff's failure to file a TAC or otherwise respond to the Order or OSC. Still, the public policy favoring the resolution of disputes on the merits is strong and, under the circumstances, outweighs Plaintiff's noncompliance and inaction.

### E. Dismissal Without Prejudice

In summary, Plaintiff's failure to file a TAC or otherwise respond to the Order or OSC, and failure to otherwise participate in this lawsuit since September 30, 2021 constitute willful unreasonable delay. Four of the Rule 41(b) dismissal factors weigh in favor of dismissal, whereas only one factor weighs against dismissal. "While the public policy favoring disposition of cases on their merits

weighs against [dismissal], that single factor is not enough to preclude imposition of this sanction when the other four factors weigh in its favor." *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1022 (9th Cir. 2002). The Court concludes that dismissal of this action for failure to prosecute and to comply with Court orders is warranted, but, consistent with Rule 41(b) and this Court's exercise of its discretion, the dismissal is without prejudice.

## IV. CONCLUSION

IT THEREFORE IS ORDERED that this lawsuit is DISMISSED without prejudice. No further filings shall be accepted under this case number.

DATED: January 7, 2022

_____
CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE

Presented by:

_____
MARIA A. AUDERO
UNITED STATES MAGISTRATE JUDGE